IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


PETER ALLEN SARRACINO,

        Petitioner,

vs.                                                    No. CV 18-00875 MV/LF

J. BALTHAZAR, WARDEN, and
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

        Respondents.


## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Cases on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Peter Allen Sarracino. (Doc. 1).  The Court determines that Petitioner Sarracino's claims may be barred by the statute of limitations.  Sarracino must therefore file a response showing cause why his Petition should not be dismissed.

## BACKGROUND

Petitioner Peter Sarracino is a prisoner in state custody serving life sentences for first degree murder, conspiracy to commit murder, false imprisonment, unlawful taking of a motor vehicle, and tampering with evidence.  The Court has reviewed the official record in Sarracino's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access ("SOPA") and takes judicial notice of the official New Mexico court records in Sarracino's criminal and habeas corpus cases. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand);  *Shoulders v.*

*Dinwiddie,* 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir. 2003) (finding state district court's docket sheet is an official court record subject to judicial notice under Rule 201 of the Federal Rules of Evidence).

Sarracino was convicted by a twelve-person jury and a judgment on his conviction and sentence was entered on October 17, 1996.  *State v. Sarracino,* No. D-1333-CR-1995-00048.  Sarracino appealed his conviction and sentence to the New Mexico Supreme Court on November 18, 1996.  *Id.*  In an Opinion entered August 10, 1998, the New Mexico Supreme Court affirmed the state conviction and sentence.  *Id.*

Sarracino then filed a state petition for writ of habeas corpus on August 19, 1999, which was docketed as Twelfth Judicial District case no. D-1333-CV-1999-00169.  The state district court dismissed the habeas corpus petition on the merits on July 9, 2017.  On August 30, 2017, the New Mexico Supreme Court denied Sarracino's Petition for Writ of Certiorari to review the denial of his habeas corpus petition.  (Doc. 1 at 2).

Sarracino commenced the instant action by filing his Petition under § 2254 on September 17, 2018 (Doc. 1).  In his Petition, Sarracino challenges his conviction and sentence in New Mexico criminal case No. D-1333-CR-1995-00048.  (Doc. 1 at 1-2).  The issues raised by Sarracino include (1) mistake in identity, conflicting witness testimony, and newly discovered evidence (Doc. 1 at 2-3) and (2) actual innocence (Doc. 1 at 12-13).

## DISCUSSION

I.   Petitioner's Claims Are Barred by the Statute of Limitations

A.   Legal Standard

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism

and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations.  28 U.S.C. § 2244(d) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").   The limitations period begins to run once the judgment on the petitioner's conviction and sentence becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review.  28 U.S.C. § 2254(d)(1)(A) ("The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.").  A § 2254 petition filed after the one-year limitations period has expired is time-barred.  28 U.S.C. § 2244(d).

The limitations period is tolled while "a properly filed application for [s]tate post-conviction" relief is "pending."  28 U.S.C. § 2244(d)(2).  A state habeas petition is "pending" and thus tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures.  *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638 (2010).

Because the limitation period is not jurisdictional, it may also be extended through equitable tolling.  *See Clay v. United States*, 537 U.S. 522, 524 (2003).  Equitable tolling, however, "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).  "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances."  *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008).  The inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition.  *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).  Ignorance of the law, ignorance of the limitation period, and inability to obtain legal

assistance do not excuse the failure to file within the statutory time period. *Id.* at 977-78.

      B.    <u>The Instant Case</u>

Judgment was entered on Sarracino's state conviction and sentence on October 17, 1996. He filed a timely notice of appeal on November 18, 1996. The New Mexico Supreme Court entered its opinion affirming the conviction on July 15, 1998. Rehearing was denied on August 7, 1998, and the New Mexico Supreme Court's mandate issued on August 10, 1998. Sarracino's conviction and sentence became final when the New Mexico Supreme Court's mandate issued on August 10, 1998. Therefore, the statute of limitations commenced running on August 10, 1998. 28 U.S.C. § 2244(d)(1)(A).

Sarracino filed his state habeas corpus petition on August 19, 1999. The filing of his habeas corpus petition would serve to toll the running of the statute of limitations, and the statutory period would be tolled during the pendency of the habeas proceeding and until the New Mexico Supreme Court denied certiorari on August 30, 2017. 28 U.S.C. § 2244(d)(2). However, it appears that 374 days elapsed between the time that Sarracino's conviction became final and the date of filing of his habeas corpus petition. The running of the statute of limitations would not be tolled during those 374 days. *Carey*, 536 U.S. at 219–20. Therefore, the one-year statute of limitations appears to have expired prior to the filing of Sarracino's habeas corpus petition.

Further, even if the statute of limitations did not run prior to the filing of Sarracino's state habeas corpus petition, the one-year period still would have expired because an additional 373 days passed between the time the New Mexico Supreme Court denied review and the time of Sarracino's filing of his Petition in this Court. 28 U.S.C. § 2244(d). The New Mexico Supreme Court denied certiorari in Sarracino's habeas corpus proceeding on August 30, 2017. His Petition in this Court was not filed until September 17, 2018. (Doc. 1). Even subtracting the time during

which the running of the statute of limitations would be tolled, more than one year passed between the date that Sarracino's conviction and sentence became final and the filing of this § 2254 Petition in this Court.  Therefore, it appears that Sarracino's Petition is time-barred by the one-year statute of limitations governing § 2254 cases.  28 U.S.C. § 2244(d).

For these reasons, the Court will order Sarracino to show cause why the case should not be dismissed as barred by the statute of limitations.  If Sarracino fails to show cause within the time allowed, the Court may dismiss the Petition without further notice.

**IT IS ORDERED** that Sarracino show cause within seventy-five (75) days of entry of this Order why the Petition (Doc. 1) should not be dismissed as barred by the one-year statute of limitations.

_____
UNITED STATES DISTRICT JUDGE