IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER ALLEN SARRACINO,

        Petitioner,

vs.                                                                   No. CV 18-00875 MV/LF

J. BALTHAZAR, WARDEN, and
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

        Respondents.

**MEMORANDUM OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR RECONSIDERATION PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE RULE 59(a)(2)**

THIS MATTER is before the Court on Petitioner's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure Rule 59(a)(2) filed by Petitioner Peter Allen Sarracino. (Doc. 8). The Court determines that Petitioner has not established any basis for reconsideration of the Court's dismissal of this case and will deny the Motion for Reconsideration.

Petitioner Sarracino requests reconsideration under Rule 59(a)(2) of the Federal Rules of Civil Procedure. Rule 59(a)(2) provides that, "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2). There has never been a nonjury trial in this case and, therefore, Rule 59(a)(2) has no application to Petitioner's request for reconsideration. The Court, however, may construe Petitioner's filing as having been brought under Rule 59(e), which states that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the Judgment." Fed. R. Civ. P. 59(e). Because Petitioner's Motion for Reconsideration was filed within twenty-eight days

1

after entry of Judgment, the Court will treat the Motion for Reconsideration as a timely motion to alter or amend judgment under Rule 59(e).

Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Petitioner seeks reconsideration of the Court's December 18, 2020 Memorandum Opinion and Order ("December 2020 Opinion") and January 28, 2021 Judgment dismissing this case as barred by the one-year statute of limitations of 28 U.S.C. § 2254(d). (Doc. 6, 7). Petitioner does not contend that the Court's determination that his claims are time-barred is in error and does not address the statute of limitations issue. (See Doc. 8). Instead, Petitioner reargues the factual grounds raised in his § 2254 Petition for the invalidity of his state court conviction. (Doc. 1 at 2-12; Doc. 8 at 3-13). As grounds for reconsideration, Petitioner contends: "In petitioner's Motion, petitioner has raised a Brady v. Maryland, 373 U.S. 83, (1963), claim regarding the suppressing of exculpatory evidence by the State Prosecution." (Doc. 8 at 3).

The Court previously determined that Petitioner's § 2254 claims are time-barred. (Doc. 6). Judgment was entered on Petitioner's state conviction and sentence on October 17, 1996. He filed a timely notice of appeal on November 18, 1996. The New Mexico Supreme Court entered its opinion affirming the conviction on July 15, 1998. Rehearing was denied on August 7, 1998, and the New Mexico Supreme Court's mandate issued on August 10, 1998. Petitioner's conviction and sentence became final 90 days after the New Mexico Supreme Court's Mandate, when the time for petitioning the U.S. Supreme Court expired on November 8, 1998.

Petitioner filed his state habeas corpus petition on August 19, 1999. The filing of his habeas corpus petition served to toll the running of the statute of limitations during the pendency of the habeas proceedings and until the New Mexico Supreme Court denied certiorari on August 30, 2017. 28 U.S.C. § 2244(d)(2). However, 284 days elapsed between the time that Petitioner's conviction became final and the date of filing of his habeas corpus petition. The running of the statute of limitations would not be tolled during those 284 days. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). Therefore, when tolling due to his state habeas corpus proceeding terminated, Petitioner had only 81 days left of the one-year limitation period in which to commence his federal habeas corpus case.

Petitioner did not file in this Court within 81 days. Instead, an additional 383 days passed between the time that the New Mexico Supreme Court denied review of the state court's ruling on Petitioner's habeas corpus case and the time of Petitioner's filing of his Petition in this Court. 28 U.S.C. § 2244(d). The New Mexico Supreme Court denied certiorari in Petitioner's habeas corpus proceeding on August 30, 2017. His Petition in this Court was not filed until September 17, 2018. (Doc. 1). That 383 days, alone, exceeds the one-year statute of limitations and bars Petitioner's claims. 28 U.S.C. § 2244(d)(1). As explained in the December 2020 Opinion, after giving him

an opportunity to show cause why his Petition should not be dismissed as time-barred, Petitioner came forward with no basis for equitable tolling, and none appears in the record. Doc. 6 at 5; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Because the 383 days that elapsed after tolling for his state habeas corpus more than exceeded the 81 days remaining to file his federal § 2254 Petition, Petitioner's Petition is time-barred by the one-year statute of limitations governing § 2254 cases.

Petitioner's request for reconsideration does not alter the conclusion that his claims are time-barred. Although Petitioner does not address the statute of limitations bar in his Motion for Reconsideration, his allegations of newly discovered evidence could be considered to be an argument for equitable tolling of the statute of limitations. However, even if his claims of *Brady* violations by the prosecution in his criminal case might have served to toll the running of the statue of limitations prior to the filing of his state habeas corpus case, they cannot serve to toll the running of the statute after the New Mexico Supreme Court's denial of certiorari to review the habeas corpus ruling. Petitioner expressly raised his claims of *Brady* violations in his state habeas corpus proceedings and the evidence that he cites is not a newly discovered factual predicate that would delay the running of the statute of limitations. 28 U.S.C. § 2244(d)(D). Therefore, his claims were available to him no later than August 30, 2017, and nothing in the record shows circumstances beyond his control that prevented him from timely filing his federal Petition. *Marsh*, 223 F.3d at 1220. Because Petitioner has failed to demonstrate any intervening change in the controlling law, any new evidence that was previously unavailable, or any need to correct clear error or prevent manifest injustice, there is no basis to alter or amend the Judgment in this case pursuant to Rule 59(e).

Petitioner also filed a Notice of Appeal on January 28, 2021, appealing the Court's dismissal to the Tenth Circuit Court of Appeals. (Doc. 9). The appeal has been docketed as Tenth Circuit appeal No. 21-2004. The Tenth Circuit has ordered the appeal held in abeyance and directed this Court to notify the Tenth Circuit when a decision is rendered on the instant motion. (Doc. 10). The Clerk therefore will be directed to notify the Tenth Circuit of this Memorandum Opinion and Order denying Petitioner's Motion for Reconsideration.

**IT IS ORDERED:**

(1) Petitioner's Motion for Reconsideration Pursuant to Federal Rules of Civil Procedure Rule 59(a)(2) is **DENIED**; and

(2) the Clerk is **DIRECTED** to notify the United States Court of Appeals for the Tenth Circuit of this decision (Tenth Circuit appeal No. 21-2004).

_____
UNITED STATES DISTRICT JUDGE